Irfan Lateef (SBN 204004)
irfan.lateef@knobbe.com
Raymond Lu (SBN 340873)
raymond.lu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant
MASIMO CORPORATION

Joseph J. Zito
jzito@whitestone.law
WHITESTONE LAW
1850 Towers Crescent Plaza, #550
Tysons, VA 22182
Phone:  202-466-3500

Attorney for Plaintiff
WRIST SP BIOTECH, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| WRIST SP BIOTECH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION,<br><br>Defendant. | Case No. 8:23-cv-02475-MCS-DFM<br><br>Hon. Mark C. Scarsi<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick]<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |
|---|---|

Plaintiff and Counterclaim Defendant Wrist SP Biotech, LLC ("Wrist") and Defendant and Counterclaim Plaintiff Masimo Corporation ("Masimo"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information. The Parties, therefore, seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c) and have agreed to the terms of the Stipulated Protective Order ("Order") as set forth below.

## GOOD CAUSE STATEMENT

Good cause exists for this Court to enter the Stipulated Protective Order because disclosure of the parties' confidential information would harm the parties financially and allow competitors to gain an unfair advantage. For example, competitors could gain an unfair advantage over the parties if they learn the parties' confidential information and/or trade secrets, such as product specifications, design history files, regulatory submissions, financial information, sales information, business and marketing strategy, or information concerning business operations. Such information would allow others to unfairly compete in the market and usurp the Parties' business opportunities, to the detriment of the Parties. Good cause further exists in that this Stipulated Protective Order will allow for the parties to disclose documents that may be required for the litigation of this matter without suffering from both an economic and business detriment that would result from the disclosure of confidential information to the Parties' competitors and/or to the public.

THEREFORE, it is hereby stipulated among the Parties and, for good cause shown, **ORDERED** that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes

or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or a stamp on such document, information, or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY." The words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed clearly on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

2. With respect to documents, information, or material designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" ("Designated Material"), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (1) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Designated Material shall also be considered Designated Material and treated as such under this Order.

3. A designation of Protected Material may be made at any time. Inadvertent or unintentional production of documents, information, or material

that has not been designated as Designated Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request the destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived therefrom or based thereon.

4. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party or upon order of the Court:

a. Outside counsel of record in this Action for the Parties and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

b. One in-house counsel of each of the Parties to the extent reasonably for the litigation of this Action provided that before access is given, the designated representative has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party at least five (5) days before access to the Protected Material;

c. Outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not employed by the Parties for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party, with a current *curriculum vitae* of the consultant or expert and a list of cases in which the consultant or expert has

testified at trial or by deposition within the preceding five (5) years, and an identification of any patents or public patent applications that identify the consultant or expert as an inventor, or the consultant or expert is involved in prosecuting or maintaining, or has any pecuniary interest, at least five business (5) days before access to the Protected Material is to be given to that consultant or expert to allow the producing Party to object to and notify the receiving Party in writing that is objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

         d.    Independent litigation support services, including persons working for or as court reports, graphics or design services, jury or trial consulting services, photocopy, document imaging, and database services, contract attorneys, and private mediators, retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

         e.    The Court (including any Court-appointed mediators or advisors) and its personnel.

    5.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

    6.    Designated Material shall be used by the Parties only in the litigation

of this Action and shall not be used for any other purpose. Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Designated Material and subject to all the terms and conditions of this Order.

7. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, including confidential sales or financial information and information that represents current or future business or technical trade secrets and plans that are more sensitive or strategic than CONFIDENTIAL information, the producing Party may designated such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY."

8. For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a) and (c-e). Designated representatives, including in-house counsel, shall not have access to Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY."

9. Where Protected Material is produced in native electronic format, such Protected Material shall be designated for protection under this Order by appending to the file names or designators information indication whether the file contains "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in native electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the Party printing the electronic files or documents shall affix a legend to the printed document

corresponding to the designation of the Producing Party and including the production number and designation associated with the native file. The Parties reserve the right to object to the use of any image format version of a document produced in native format to the extent any information has been altered.

10. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material that is reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and producing a privilege log for the inadvertently or unintentionally produced documents, information, or other materials. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead by destroyed and certified as such to the producing Party.

11. Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft expert reports, notes, outlines, or disclosures leading up to a final expert report are discoverable in any form. In addition, where a Party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this Action, the following materials will be deemed to be privileged materials or materials otherwise protected from

production based on a claim of privilege (attorney-client, work product, or other privilege) and thus not discoverable:

   A. Correspondence between such independent consultants or experts and a Party or its outside counsel;

   B. Drafts of expert reports, declarations, or any other materials drafted by or for such independent consultants or experts regarding the subject matter of this Action; and

   C. Communications between such independent consultants and experts and a Party or its outside counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition in this Action.

  Such protections provided herein are to be construed to be in addition to, and shall not diminish the protections provided in Federal Rule of Civil Procedure 26(b)(3)-(4). Nothing herein, however, limits the rights of Parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions, which information shall not be privileged.

  12. There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

  13. Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to a person(s) who is: (i) eligible to have access to the Designated Material by virtue of his or her employment with the designating Party, (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information, (iii) although not

identified as an author, addressee, or copy recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material, (iv) a current or former officer, director, or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party, (v) counsel for a Party, including outside counsel and in-house counsel, (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation, (vii) court reporters and videographers, (viii) the Court, or (ix) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

14. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential, attorneys' eyes only.

15. Any Designated Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or

exhibit filed publicly with the Court.

16. This Order applies to pretrial discovery. The protections afforded to Designated Material at the trial of this Action will be determined by the Court upon application by any party. In the event that any Designated Material is otherwise used in any Court proceeding in connection with this Action, the parties shall take all steps reasonably required to protect its confidentiality during such use.

17. A Party may request in writing to the other Party that the designation given to any Designated Material be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such an application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18. Each outside consultant or expert to whom Designated Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree

to be bound by this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

21. Within thirty (30) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indices, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed, except that outside counsel for each Party may maintain for its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, one copy of all expert reports, and one copy of all discovery responses which contain or refer to Designated Material. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

22. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in

no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24. Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

25. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Each of the Parties shall also retain the right to file a motion with the Court: (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this action; and (b) to apply for additional protection of Designated Material.

27. If any Party or person subject to this Order and having possession, custody, or control of any Designated Material produced by another Party receives from a Third Party a subpoena to produce such information, the Party to whom the subpoena or other request is directed shall:

    D. promptly notify in writing (such notification shall include a copy of the subpoena or court order) every Party who has produced such

Designated Material and shall provide each such Party with an opportunity to move for a protective order regarding the production of Designated Material implicated by the subpoena;

   E. promptly notify in writing the Third Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

   F. cooperate with respect to all reasonable procedures sought to be pursued by the Party who produced the Designated Material.

  28. Counsel of record, in-house counsel, and experts for any Party shall not directly or indirectly communicate with any employee, consultant, or representative of an opposing Party about technical subject matter of any kind or any subject matter related to this litigation, except through formal discovery served on outside counsel for the opposing Party.

  29. This Order shall be binding upon the Parties hereto, their successors, and anyone, including law firms, who obtains access to Protected Material.

  30. This Order's obligations regarding Designated Material survive the conclusion of this case.

  31. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

**SO STIPULATED BY:**

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 23, 2024

By: /s/ *Irfan Lateef*
Irfan Lateef
Raymond Lu

Attorneys for Defendant
MASIMO CORPORATION

WHITESTONE LAW

Dated: May 23, 2024

By: /s/ *Joseph J. Zito*
Joseph J. Zito

Attorney for Plaintiff
WRIST SP BIOTECH, LLC

**IT IS SO ORDERED.**

Dated: May 28, 2024

Hon. Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Wrist SP Biotech, LLC v. Masimo Corporation,* United States District Court, Central District of California, Western Division, Civil Action No. 8:23-cv-02475-MCS-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Printed name: _____

Signature: _____